IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILBUR L. MEDLEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civ. No. 23-1215-CFC |
| ANTHONY FIGLIOLA, JR., | ) ) ) |
| Defendant. | ) ) |

Wilbur L. Medley, III, Sussex Correctional Institution, Georgetown, Delaware. Pro se Plaintiff.

Robert Michael Kleiner, Esq., and Kenneth-Lee Kay Wan, Esq. Deputy Attorney Generals, Delaware Department of Justice, Wilmington, Delaware.   Counsel for Defendant.

**MEMORANDUM OPINION**

June 11, 2024
Wilmington, Delaware

CONNOLLY, Chief Judge:

On October 25, 2023, Defendant Anthony Figliola, Jr., removed this *pro se* 42 U.S.C. § 1983 action from state court.[1] (D.I. 1) Plaintiff Wilbur L. Medley, an inmate confined at Sussex Correctional Institution, subsequently filed an Amended Complaint. (D.I. 6) Before the Court are Defendant's motion to dismiss (D.I. 8), Plaintiff's motion for leave to file a second amended complaint (D.I. 10), Plaintiff's motion to remand (D.I. 14), and Plaintiff' request for appointed counsel (D.I. 22).

I. BACKGROUND

Plaintiff alleges that Defendant is an attorney who was appointed to represent him in criminal proceedings. Plaintiff's claims are based on Defendant's allegedly negligent representation. In his Amended Complaint, Plaintiff brings a constitutional deliberate-indifference against Defendant, as well as several state-law claims. (D.I. 6) In his proposed Second Amended Complaint, Plaintiff appears to seek to abandon his deliberate-indifference claim, but to seek to assert a First Amendment claim against Defendant, as well as state-law claims. (D.I. 10)

---

[1] When bringing a §1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## II.  LEGAL STANDARDS

In reviewing a motion to dismiss filed under Fed. R. Civ. P. 12(b)(6), the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94.

A Rule 12(b)(6) motion may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). The Court is "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). A complaint may not be dismissed, however, "for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014).

A complainant must plead facts sufficient to show that a claim has "substantive plausibility." *Id.* at 12. That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Id.* Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## III. DISCUSSION

To the extent that Plaintiff has not abandoned his § 1983 claim or claims, dismissal is appropriate to any claims brought under § 1983. As an apparently private attorney, Defendant is not a state actor for purposes of § 1983. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) (holding that public defenders do not act under color of state law); *Steward v. Meeker*, 459 F.2d 669 (3d Cir. 1972) (privately-retained counsel does not act under color of state law when representing client); *Thomas v. Howard*, 455 F.2d 228 (3d Cir. 1972) (court-appointed pool attorney does not act under color of state law). Accordingly, the Court will grant Defendant's motion to dismiss in part, and dismiss any claims brought under § 1983.

The Court will decline to exercise supplemental jurisdiction over Plaintiff's state-law claims. *See* 28 U.S.C. § 1367(c)(3); *Sarpolis v. Tereshko*, 625 F. App'x 594, 598-99 (3d Cir. 2016). The Court will therefore grant Plaintiff's motion to remand, and will remand the state-law claims. *See Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995) ("While § 1367(c) does not specify what disposition the district court is to make of state claims it decides not to hear, . . . we believe that in a case that has been removed from a state court, a remand to that court is a viable alternative to a dismissal without prejudice.") (citations omitted); *see also Harris v. Wetzel*, 822 F. App'x 128, 131 (3d Cir. 2020) (per curiam).

## IV. CONCLUSION

For the reasons discussed above, the Court will grant in part Defendant's motion to dismiss (D.I. 8), and dismiss any claims brought under § 1983 (D.I. 8); grant Plaintiff's motion to remand (D.I. 14); and deny as moot Plaintiff's motion to amend (D.I. 10) and request for appointed counsel (D.I. 22).

The Court will issue an Order consistent with this Memorandum Opinion.